UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JONATHAN RODRIGUEZ,

                                 **Plaintiff,**

                              v.                             9:09-CV-216
                                                                 (FJS/ATB)

**DOCTOR TRABOUT, Medical Director; and**
**LESTER WRIGHT, Chief Medical Officer,**

                                **Defendants.**
_____

**APPEARANCES**                                    **OF COUNSEL**

**JONATHAN RODRIGUEZ**
**01-R-4311**
Southport Correctional Facility
236 Bob Masia Drive
P.O. Box 2000
Pine City, New York 14871[1]
Plaintiff, *pro se*

**OFFICE OF THE NEW YORK**           **MEGAN M. BROWN, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendants

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

      Plaintiff Jonathan Rodriguez commenced this civil rights action pursuant to 42 U.S.C. § 1983 in February 2009 by submitting a complaint, an *in forma pauperis* application, and an inmate authorization form. *See* Dkt. Nos. 1-3. Upon review of Plaintiff's submissions, the Court

---

      [1] This is Plaintiff's last known address of record.

granted Plaintiff's *in forma pauperis* application but directed Plaintiff to submit an amended complaint. *See* Dkt. No. 4. On March 17, 2009, Plaintiff submitted an amended complaint. *See* Dkt. No. 5. By Order filed on April 3, 2009, the Court approved Plaintiff's amended complaint for filing and directed service of the amended complaint on Defendants. *See* Dkt. No. 7. Both Defendants filed answers to the amended complaint. *See* Dkt. Nos. 10, 13.

By letter motion filed on February 17, 2010, Defendants requested an extension of the dispositive motion filing deadline. *See* Dkt. No. 21. By Text Order dated February 18, 2010, the Court granted that extension request. The February 18, 2010 Text Order, which the Clerk of the Court served on Plaintiff at his address of record in this action, was returned as undeliverable with the notation "Paroled 1/29/10." *See* Dkt. No. 22. By letter motion filed on March 3, 2010, Defendants sought a stay of the dispositive motion filing deadline because Plaintiff had been paroled on January 29, 2010, and had not notified the Court or defense counsel of his new address. *See* Dkt. No. 23. By Text Order dated March 4, 2010, the Court reset the dispositive motion filing deadline to May 29, 2010. The Clerk of the Court sent the March 4, 2010 Text Order to Plaintiff at his address of record in this action. However, service of the March 4, 2010 Text Order on Plaintiff at that address was returned as undeliverable with the notation "Paroled 1/29/10." *See* Dkt. No. 24. By letter dated June 2, 2010, Defendants requested a third extension of the dispositive motion filing deadline, which the Court granted by Text Order dated June 3, 2010. The Clerk of the Court sent the June 3, 2010 Text Order to Plaintiff at his last known address of record; that mailing has not been returned to the Court. Plaintiff has not communicated with the Clerk of the Court or the Court in quite some time regarding his intention to pursue his claims in this action. In fact, the last time that Plaintiff contacted the Court was in

March 2009 when he submitted his amended complaint.

Currently pending before the Court is Defendants' motion to dismiss this action because Plaintiff has failed to comply with his duty to advise the Court and opposing counsel of his current address or to otherwise prosecute this action.  *See* Dkt. No. 25.

## II. DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based on a plaintiff's failure to prosecute an action or to comply with any order of the court.  *See* Fed. R. Civ. P. 41(b);[2] *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962).  A court may exercise this power to dismiss "when necessary to achieve orderly and expeditious disposition of cases."  *Freeman v. Lundrigan*, No. 96-CV-1190, 1996 WL 481534,  *1 (N.D.N.Y. Aug. 22, 1996) (citation omitted).

All parties are required to inform the court of any address changes.  In relevant part, Northern District of New York Local Rule ("L.R.") 10.1(c)(2) provides that "**[a]ll attorneys of record and *pro se* litigants must immediately notify the Court of any change of address.**" L.R. 10.1(c)(2).  As then-District Judge Pooler observed:

> "It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions.  It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail.  In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries.  Address changes normally

---

[2] "Unless the dismissal order states otherwise, a dismissal [pursuant to Rule 41(b)] . . . operates as an adjudication on the merits."  Fed. R. Civ. P. 41(b).

      would be reflected by those inquiries if made in writing."

*Dansby v. Albany County Corr. Facility Staff*, No. 95-CV-1525, 1996 WL 172699, *1 (N.D.N.Y. Apr. 10, 1996) (quotation and other citations omitted). Additionally, L.R. 41.2(a) includes the following provision regarding a litigant's duty to prosecute an action diligently: "In the absence of an order by the assigned judge or magistrate judge setting any date for any pretrial proceeding or for trial, the plaintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution." L.R. 41.2(a).

      Despite his release to parole on January 29, 2010, Plaintiff has failed to notify the Court **for more than five months** of his change of address.

      In determining whether to dismiss an action pursuant to Rule 41(b) for failure to comply with an order of the court or the procedural rules of the court, the court considers five factors:

> (1) the duration of the plaintiff's failure to comply . . ., (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (citations omitted).

A court considers similar factors to determine whether it should dismiss an action for failure to prosecute. *See U.S. ex. rel. Drake v. Norden Sys., Inc.*, 375 F. 3d 248, 254 (2d Cir. 2004) (citations omitted).

      Upon due consideration, the Court finds that each of these five factors weighs in favor of dismissal of this action. The record shows that, beginning in March 2010, mail sent to Plaintiff at his address of record has been returned as undeliverable. Moreover, Plaintiff has not

communicated with the Clerk of the Court or the Court about **any** aspect of this litigation since he filed his amended complaint in March 2009, more than one year ago. Accordingly, although not conclusive evidence that Plaintiff does not intend to prosecute this action, the Court finds that Plaintiff's lack of contact with the Court for more than a year and his failure for more than five months to comply with the requirement to update his address weigh in favor of dismissal.

With respect to the second factor, the Court gave Plaintiff specific notice in its April 3, 2009 Memorandum-Decision and Order of his obligation to "**notify the Clerk's Office and all parties or their counsel of any change of address promptly** [and that] **his failure to do so [would] result in the dismissal of this action**." *See* Dkt. No. 7 at 3. Moreover, any further attempt to give Plaintiff notice that this action is subject to dismissal would be futile because of **Plaintiff's own failure** to keep the Court or the Clerk informed of his current address. "Only the Plaintiff can be responsible for notifying the court and the Defendant of his updated address, and Plaintiff's failure to do so has made it impossible to provide him any notice." *Robinson v. United States*, No. 03 Civ. 1001, 2005 WL 2234051, *2 (S.D.N.Y. Sep. 8, 2005) (citing *Lukensow v. Harley Cars of New York*, 124 F.R.D. 64, 66 (S.D.N.Y. 1989) ("as this Court has no current address for plaintiffs, any attempt to further warn plaintiffs of their responsibilities and the consequences of their continued failure to prosecute this action would be futile")). Thus, the Court finds that this factor weighs in favor of dismissal.

The Court also finds that Defendants are likely to be prejudiced by further delay in the proceedings since any such delay may well affect witnesses' memories, the ability to locate witnesses, and the preservation of evidence. Furthermore, under the circumstances, the need to alleviate congestion on the Court's docket outweighs Plaintiff's right to receive a further chance

to be heard in this case. Accordingly, the Court finds that both the third and fourth factors support dismissal of this action.

Lastly, the Court has carefully considered whether a sanction less drastic than dismissal is available and concludes that there is no meaningful way to procure Plaintiff's "reappearance" in and active prosecution of this action. Plaintiff's disappearance, coupled with the Court's inability to contact him, would make a lesser sanction entirely futile. *See Dong v. United States*, No. 02 Civ. 7751, 2004 WL 385117, *3 (S.D.N.Y. Mar. 2, 2004) (finding that no remedy other than dismissal was practical because the court had "no way to reach" the plaintiff). Simply waiting for Plaintiff to comply with his obligation to update his address or to prosecute this action is not likely to be fruitful since he has failed to do so for at least four months. As a result, the Court finds that the fifth factor weighs in favor of dismissal.

### III. CONCLUSION

Accordingly, for the above-stated reasons, the Court hereby

**ORDERS** that Defendants' motion to dismiss this action is **GRANTED**; and the Court further

**ORDERS** that this action is **DISMISSED without prejudice** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on Defendants in accordance with the Local Rules and on Plaintiff at his last known address of record.

**IT IS SO ORDERED.**

Date: July 8, 2010
 Syracuse, New York

_____
Frederick J. Scullin, Jr.
Senior United States District Court Judge